IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  06-CR-00346-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JON ANTHONY BLACKHAWK,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on September 18, 2006.  The court has taken judicial notice of the pretrial release report and the court's file. The defendant is not contesting detention at this time.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

      The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

      (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

  (2)  the weight of the evidence against the person;

  (3)  the history and characteristics of the person, including –

    (A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

  (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

  The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file.  The defendant is not contesting detention.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

  First, I find that defendant is charged in the Indictment with Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1) and (b).  Based upon the Indictment, I find probable cause as to that charge.

  Second, I find that the nature and circumstances of this case involves an assault on a federal officer.  Defendant was serving a sentence at the time of the alleged assault in the case before this court.  Defendant's criminal history includes convictions for burglary, weapon related offenses, assaults, auto theft, terroristic threats, disorderly conduct and fourth degree controlled substance.  Defendant has a history of illicit drug use and admitted to using drugs while incarcerated. Defendant does not have financial ties to Colorado.  Defendant does not have familial ties to Colorado.  Defendant has been unemployed for eight (8) years.  Defendant has used alias names of Charles Whitecloud Duane, Charles Duane Croud and Chuck Croud in the past.  Defendant has used an alias date of birth of June 26, 1959, in the past.  Defendant has a history of failing to comply with court orders.

  Based upon these findings, I find, by clear and convincing evidence, that defendant is a flight risk and a danger to the community and further find that there is no condition or combination of conditions of release will reasonably assure the appearance of the defendant at future court appearances and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

  Done this 18th September 2006.

        BY THE COURT

S/ Michael J. Watanabe
_____
Michael J. Watanabe
U.S. Magistrate Judge