# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 06-cr-00346-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JON ANTHONY BLACKHAWK,

    Defendant.

# ORDER
## (Finding of Continued Incompetency)

**Blackburn, J.**

The matter came before me on October 30, 2008, to determine whether the defendant has been restored to competency or, alternatively, whether there is a substantial probability that he can be restored to competency in the foreseeable future. This order is entered to confirm, reiterate, supplement, and expatiate the findings of fact, conclusions of law, and orders I entered from the bench in open court.

The chronology of relevant events is as follows:

- That on November 9, 2007, I entered an **Order Determining Competency And Committing Defendant**, *see* [#73];

- That the **Forensic Report** [#105] of Dr. Lea Ann Preston was filed on September 2, 2008; and

- That on October 30, 2008, I conducted a hearing to determine whether defendant had been restored to competency.

On the record, considered as a whole, I enter the following findings of fact (which are based on a preponderance of the evidence) conclusions of law, and orders:

1. That on November 9, 2007, I found and declared the defendant to be incompetent and committed him to the custody of the Attorney General for hospitalization as required by 18 U.S.C. § 4241(d)(1);

2. That during the course of hospitalization, a psychological evaluation of the defendant was performed pursuant to my order;

3. That the resultant "Forensic Report" concludes reasonably that the defendant has not been restored to competency and that he is not likely to be restored to competency in the foreseeable future, *see* Report at 11, which opinions are supported amply by the report;

4. That as required by 18 U.S.C. § 4241(e), I have held a hearing, conducted pursuant to the provisions of 18 U.S.C. § 4247(d), to determine the competency of the defendant;

5. That I now find by a preponderance of the evidence: (a) that the defendant is not competent to proceed; (b) that there is not a substantial probability that he will be restored to competency in the foreseeable future; and (c) that his mental condition has not so improved as to permit proceedings to go forward, all within the meaning of 18 U.S.C. § 4241(d);

6. That pursuant to 18 U.S.C. § 4241(d), the defendant is subject to the provisions of 18 U.S.C. § 4246; and

7. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings should be excluded from the computation of speedy trial

under the Speedy Trial Act of 1974, 18 U.S.C. § 3161-3174.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant **HAS NOT BEEN RESTORED** to competency;

2. That pursuant to 18 U.S.C. § 4246(a), the court **SHALL CONDUCT** a hearing on January 9, 2009, commencing at 1:15 p.m., to determine whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;

3. That pursuant to 18 U.S.C. § 4246(c), the hearing **SHALL BE CONDUCTED** pursuant to the provisions of 18 U.S.C. § 4247(d);

4. That pursuant to 18 U.S.C. § 4246(b), prior to the date of the hearing a psychiatric or psychological examination of the defendant **SHALL BE CONDUCTED** and a psychiatric or psychological report **SHALL BE FILED** by December 31, 2008, with the court pursuant to 18 U.S.C. § 4247(b) and (c);

5. That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4),[1] the psychiatric or psychological report shall include the following:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions as to the diagnosis and prognosis; and

---

[1] Because 18 U.S.C. § 4246 is apposite, the examiner must opine as to the risk to persons and property as required by 18 U.S.C. § 4247(c)(4)(C).

  e. The examiner's opinion about whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;

 6. That for purposes of the examination required by the court in this order, the defendant is **COMMITTED** to the custody of the Attorney General for a reasonable period, but not to exceed 45 days from the date of this order,[2] for placement in a suitable facility, which the court recommends be in or near Rochester, Minnesota; and

 7. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings **SHALL BE EXCLUDED** in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

 Done in chambers on October 31, 2008, to confirm, reiterate, supplement, and expatiate the findings of fact, conclusions of law, and orders that I entered from the bench in open court on October 30, 2008.

            **BY THE COURT:**

            **s/ Robert E. Blackburn**
            **Robert E. Blackburn**
            **United States District Judge**

---

[2] Which period may be extended on application for a reasonable time not to exceed 15 days as provided by 18 U.S.C. § 4247(b).